7

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | NO. CIV. B-03-054 |
| | § | |
| RICK COTULLA, HECTO DELEON, | § | |
| HUGO GARCIA, OVE GARCIA, | § | |
| JOSE A. GARZA, JUAN GOMEZ, | § | |
| MICHAEL GRIMALDO, DANIEL | § | |
| GROVES, RON HALL and HECTOR | § | |
| HERNANDEZ | § | |
| | § | |
| **DEFENDANTS** | § | |

## DEFENDANT DANIEL GROVES' ORIGINAL ANSWER

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Daniel Groves, Defendant, and files this his Original Answer and would show the court as follows:

1.    Paragraph 1 of the complaint does not contain any averments to admit or deny.

2.    This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 2.

3.    This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 3.

4.    This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 4.

5.    This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 5.

6. This Defendant admits that he is a resident of the State of Texas. As to the remainder of the averments in Paragraph 6, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

7. This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 7.

8. Paragraph 8 contains no factual averments to admit or deny.

9. Paragraph 9 contains no factual averments to admit or deny.

10. As to the averments made in Paragraph 10, this Defendant admits that the Court has proper subject matter jurisdiction over the claims made by Plaintiff.

11. As to the averments made in Paragraph 11, this Defendant admits that the Court has personal jurisdiction over him.

12. As to the averments made in Paragraph 12, this Defendant admits that venue is proper in this Court.

13. Paragraph 13 contains no factual averment to admit or deny.

14. This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 14.

15. This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 15.

16. This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 16.

17. This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 17.

18.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 18.

19.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 19.

20.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 20.

21.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 21.

22.     Defendant admits that he resides in Harlingen, Texas.   As to the remainder of the averments in Paragraph 22, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

23.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 23.

24.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 24.

25.     Paragraph 25 contains no factual averments to admit or deny.

26.     As to the averments in Paragraph 26, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

27.     As to the averments in Paragraph 27, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

28.     As to the averments in Paragraph 28, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

29.   This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 29.

30.   Paragraph 30 contains no factual averments to admit or deny.

31.   As to the averments in Paragraph 31, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

32.   As to the averments in Paragraph 32, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

33.   This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 33.

34.   This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 34.

35.   Paragraph 35 contains no factual averments to admit or deny.

36.   Paragraph 36 contains no factual averments to admit or deny.

37.   As to the averments in Paragraph 37, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

38.   This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 38.

39.   As to the averments in Paragraph 39, this Defendant denies that Plaintiff is entitled to any recovery under 18 U.S.C. § 2520 as this complaint does not allege sufficient facts to entitle Plaintiff to recovery under this statute.

40.   Paragraph 40 contains no factual averments to admit or deny.

41.   As to the averments in Paragraph 41, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

42.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 42.

43.     As to the averments in Paragraph 43, this Defendant denies that Plaintiff is entitled to any recovery under 18 U.S. C. § 2520 as this complaint does not allege sufficient facts to entitle Plaintiff to recovery under this statute.

44.     Paragraph 44 contains no factual averments to admit or deny.

45.     As to the averments in Paragraph 45, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

46.     Paragraph 46 contains no factual averments to admit or deny.

47.     Paragraph 47 contains no factual averments to admit or deny.

48.     Paragraph 48 contains no factual averments to admit or deny.

49.     As to the averments in Paragraph 49, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

50.     As to the averments in Paragraph 50, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

51.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 51.

52.     Paragraph 52 contains no factual averments to admit or deny.

53.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 53.

54.     As to the averments in Paragraph 54, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

55.     Paragraph 55 contains no factual averments to admit or deny.

56.     As to the averments in Paragraph 56, this Defendant invokes the privilege afforded to him under the Fifth Amendment of the United States Constitution.

57.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 57.

58.     This Defendant lacks sufficient information or knowledge to admit or deny the averments in Paragraph 58.

59.     Paragraph 59 contains no factual averments to admit or deny.

## AFFIRMATIVE DEFENSES

60.     This Defendant alleges that each and every cause of action in Plaintiff's complaint is barred by the applicable statute of limitations.

61.     This Defendant alleges that the Plaintiff has failed to state a cause of action under 18 U.S.C. §§ 2511, 2512 and 2520.

## PRAYER

This Defendant requests that this Court enter judgment that Plaintiff take nothing by its suit. Defendant seeks such further relief to which he may show himself to be justly entitled.

Respectfully Submitted,


Daniel Groves,
Pro Se
2409 Riverside Drive
Harlingen, Texas 78550
(956) 421-3527

- 7 -

## CERTIFICATE OF SERVICE

I certify that the foregoing document was sent to all parties listed below on May 30 , 2003.

Robert A. Swofford
Greer, Herz & Adams, LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550

Daniel Groves

# Daniel Groves

2409 Riverside Drive
Harlingen, TX 78550

TELEPHONE: 956-421-3527

May 29, 2003

Ms. Stella Cavazos
United States District Clerk
600 East Harrison, Suite 101
Brownsville, Texas 78520-7114

RE: Directv v. Cotulla, et al
Cause No. Civ. B-03-054

Dear Ms. Cavazos:

Please find enclosed for filing the original and three copies of Defendant Daniel Groves' Original Answer and the original and three copies of a Jury Demand. Please return a file stamped copy of each to me in the enclosed self-addressed, stamped envelope.

Thanking you in advance for your cooperation, I remain

Sincerely,

Daniel Groves

Enclosure

cc:   Mr. Robert A. Swofford