United States District Court
Southern District of Texas
FILED

JUL 1 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION B-03-054 |
| V. | § | |
| | § | |
| RICK COTULLA, ET AL. | § | |
| Defendants | § | |

**AMENDED JOINT REPORT OF THE MEETING & JOINT DISCOVERY/
CASE MANAGEMENT PLAN UNDER RULE 26**

Plaintiff, DIRECTV, Inc. files this Report on Rule 26 Conference/Discovery Plan under Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order for Conference.

1.  **State where and when the meeting of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party.**

    DIRECTV attempted to contact Defendant, DANIEL GROVES, pro se, on July 9, 2003 but was unsuccessful in making contact. A copy of this document has been sent to him. Defendant MICHAEL GRIMALDO have been served and filed an answer. Miguel Salinas, counsel for Mr. Grimaldo met with counsel for DIRECTV on July 16, 2003. Defendants RICK COTULLA, HECTOR DE LEON, HUGO GARCIA, OVE GARCIA, JOSE A. GARZA, JUAN GOMEZ, RON HALL and HECTOR HERNANDEZ have not been served. Service through certified mail was attempted on all Defendants. For those that were not served through certified mail, personal service is being attempted.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    DIRECTV has cases against different defendants containing allegations similar to those contained in this complaint pending in every federal district in the state of Texas and in several states throughout the county including this district. The cases are similar in that the electronic equipment and devices purchased by defendants are the same; in sum, the legal and factual issues surrounding the manufacture, design, assembly and general utility of the electronic equipment or devices in question are common.

3.  **Briefly describe what this case is about.**

    Plaintiff brought this case alleging that Defendant violated federal and state laws by intercepting its satellite communications through the use of various electronic devices.

4.  **Specify the allegation of federal jurisdiction.**

    Jurisdiction exists under 28 U.S.C. §1331 pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Supplemental jurisdiction arises on state law claims pursuant to 28 U.S.C. §1367.

5.  **Name the parties who disagree with the Plaintiff's jurisdiction allegations and their reasons.**

    No appearing parties have challenged Plaintiffs' jurisdictional allegations.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    The parties do not anticipate additional parties to this action at this time.

7.  **List anticipated interventions.**

    The parties do not currently anticipate any interventions.

8.  **Describe class action issues.**

    There are no class action issues related to DIRECTV's causes of action.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    DIRECTV will produce its initial disclosures to Defendants on July 21, 2003. The Defendant, Michael Grimaldo, will produce their initial disclosures to DIRECTV on or before July 31, 2003.

10. **Describe the proposed agreed discovery plan including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

        DIRECTV anticipates working within the timelines of Rule 26 and the Scheduling Order entered by the Court.

    b.  **When and to whom the Plaintiffs anticipate it may send interrogatories.**

    Plaintiff anticipates sending interrogatories to the Defendant within sixty (60) days of the initial pre-trial and scheduling conference.

c. **When and to whom the Defendants anticipate it may send interrogatories.**

    Defendant, DANIEL GROVES, _____
    Defendant, Michael Grimaldo may send interrogatories to the Plaintiff.

d. **Of whom and by when the Plaintiffs anticipate taking oral depositions.**

    Plaintiff anticipates taking the depositions of those fact and expert witnesses identified by Defendants in disclosures. Plaintiffs will complete such depositions by the discovery cut-off date.

d. **Of whom and by when the Defendants anticipate taking oral depositions.**

    Defendant, DANIEL GROVES, _____
    Defendant, Michael Grimaldo, does not anticipate taking depositions.

f. **When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Parties having the burden of proof on an issue anticipate designating experts and providing required reports within the Court's guidelines. Parties opposing claims may designate experts and provide reports within the Court's guidelines.

g. **List expert depositions the Plaintiffs (or party with the burden of proof on an issue) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    Plaintiff anticipates deposing any of Defendants' timely designated experts by the discovery cut-off date.

h. **List expert depositions the Defendants (or opposing party) anticipate taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

    Defendant GROVES _____
    Defendant Grimaldo does not anticipate taking depositions.

11. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   DIRECTV and Michael Grimaldo are agreeable to the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None.

13. **State the date the planned discovery can reasonably be completed.**

   DIRECTV and Michael Grimaldo believe that discovery can be completed by <u>January 15, 2004.</u>

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   The Parties agree to keep settlement negotiations open throughout the life of this case.

15. **Describe what each party has done or agreed to do to bring about a resolution.**

   DIRECTV informally contacted defendant by letter prior to filing this suit and agrees to continue settlement negotiations with the Defendants.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

   See 14 and 15 above.

17. **Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   DIRECTV and Michael Grimaldo do consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made, and if it was made on time.**

   A demand for jury trial has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

   Approximately 30 hours.

20. **List pending motions that could be ruled on at the initial pre-trial and scheduling conference.**

   None

21. **List other motions pending.**

   None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

   None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   DIRECTV filed its Disclosures of Interested Parties on March 24, 2003. Grimaldo will file his Disclosures of Interested Parties by July 22, 2003.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

   <u>For Plaintiff</u>
   **Lecia L. Chaney**
   **Attorney in Charge**
   Texas State Bar No. 00785757
   Federal Id. No. 16499
   Rodriguez, Colvin & Chaney
   1201 E. Van Buren
   P.O. Box 2155
   Brownsville, Texas 78520
   (956) 542-7441 Telephone
   (956) 541-2170 Facsimile

   **Kelly-Ann F. Clarke**
   Federal ID No. 27195
   Texas State Bar No. 24027929
   **Joseph R. Russo, Jr.**
   Federal ID No. 22559
   Texas State Bar No. 24002879
   **Joe A. C. Fulcher**
   Federal ID No. 14126
   Texas State Bar No. 07509320
   **GREER, HERZ & ADAMS, L.L.P.**

One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

**For Defendant, Daniel Groves**
Daniel Groves
Pro Se
2409 Riverside Dr.
Harlingen, Tx 78550
(956) 421-3527

**For Defendant, Michael Grimaldo**
Miguel Salinas
State Bar No. 17534750
Law Office of Miguel Salinas
803 Old Port Isabel Rd
Brownsville, TX 78521
(956) 550-1115

(956) 421-3527

Respectfully submitted,

By: *[signature]*
Leola L. Chaney
Attorney in Charge
Federal ID No. 16499
Texas State Bar No. 00785757
**RODRIGUEZ, COLVIN & CHANEY, LLP**
P.O. Box 2155
1201 E. Van Buren
Brownsville, TX 78522

ATTORNEY IN CHARGE FOR PLAINTIFF
DIRECTV, INC.

BY:_____
Daniel Groves
Pro Se
2409 Riverside Dr.
Harlingen, Tx 78550-
(956) 421-3527

By: *[signature]*
Miguel Salinas
**Law Office of Miguel Salinas**
803 Old Port Isabel Rd
Brownsville, TX 78521

6